**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**Reginald SPIVEY, Defendant– Appellant.**

No. 99–50460.

D.C. No. CR–98–01019–LGB.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Reginald Spivey appeals his 21 month sentence and conviction by jury trial for one count of Conspiracy to File False Claims in violation of 18 U.S.C. § 286, and eight counts of Filing False Claims in violation of 18 U.S.C. § 287. Spivey's attorney has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), identifying five potential issues for review. Spivey has not filed a pro se supplemental brief.

■ Counsel first references the issue of whether the court violated Fed.R.Evid. 404(b) by admitting evidence of uncharged conduct (81 additional federal income tax returns) as substantive evidence against Spivey. Because the uncharged conduct was highly probative of motive, intent, and knowledge, the district court's decision to admit the evidence was not an abuse of discretion. *See Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Counsel next raises the issue of whether the district court abused its discretion by denying defense counsel an opportunity to impeach a government witness through cross examination on the matter of the witness's use of aliases. Because the court properly determined that the witness's use of the alias was remote in time from the present offense, and because ample evidence was admitted to impeach the witness, we determine that the district court did not abuse its discretion. *United States v. Kallin,* 50 F.3d 689, 693 (9th Cir.1995) (stating that a reviewing court can only reverse for abuse of discretion if it has a definite and firm conviction that the district court committed a clear error of judgment in reaching its conclusion, or based its decision on an erroneous conclusion of law); *Cf. United States v. Jackson,* 882 F.2d 1444, 1446 (9th Cir.1989) (holding that a district court's refusal to allow cross examination as to certain prior conduct was not reversible error where the jury had sufficient information to appraise the bias and motives of the witness).

Next, counsel references the district court's decision to admit Myrtle Spivey's telephone records, and to exclude cross-examination of Agent Thomas as to whether a government witness's acts constituted assault on a federal officer. Because the trial court did not abuse its discretion in admitting the challenged evidence, counsel has correctly determined that these issues lack merit. *See Kallin,* 50 F.3d at 693.

Counsel also references the district court's failure to exclude all prosecution witnesses from the court room. We review a district court's decision not to exclude a witness for abuse of discretion and conclude that counsel has correctly determined that this issue lacks merit. The record shows that defense counsel never made a motion to exclude witnesses, and therefore that the issue was never before the district court. *See* Fed.R.Evid. 615 (providing for the exclusion of witnesses at the request of counsel).

Finally, counsel references the district court's refusal to grant Spivey a downward departure at sentencing based on the government's delay in prosecuting his case. Because the record shows that the court recognized its discretion to depart downward, but chose not to do so, we lack jurisdiction to review this decision on appeal. *See United States v. Tucker,* 133 F.3d 1208, 1219 (9th Cir.1998).

Our independent review of the record, pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), reveals no further issues for review. Accordingly, the motion of Olivia W. Karlin to withdraw as counsel of record is GRANTED, and the judgment of the district court is AFFIRMED.